■ PETER CABRERA, Appellant, v AURORA CABRERA, Respondent. — Judgment, Supreme Court, New York County, entered May 23, 1980, granting defendant, *inter alia,* a divorce on her counterclaim, unanimously affirmed, without costs or disbursements. Order, Supreme Court, New York County, entered September 4, 1980, directing a payroll deduction from plaintiff's salary of $200 weekly until $3,150 in arrears are satisfied and thereafter of $175 weekly in payment of plaintiff's adjudicated alimony and child support obligations, unanimously modified, on the law and the facts, and in the exercise of discretion, without costs or disbursements, to strike the first and third decretal paragraphs, to substitute in place of the second decretal paragraph the following: "Ordered, that a payroll deduction in the amount of Twenty Five and 00/100ths ($25.00) Dollars be made by Remco International, plaintiff's employer, from plaintiff Peter Cabrera's weekly salary, until the arrears of $837.00 are satisfied," and, except, as thus modified, affirmed. The challenged award of $125 per week for the support and maintenance of the wife was warranted. In the circumstances presented the court did not err in permitting amendment of the answer nine months after it had been served to allow interposition of a counterclaim for divorce. Accordingly, the judgment is affirmed. The amount of the subsequently ordered payroll deduction, however, is excessive. Under the divorce decree the husband was in arrears of $837, not $3,150. Moreover, he had made a substantial effort to comply, having paid $1,613.19 against a total obligation of $2,450 under the decree, and in the face of financial burdens which include monthly payments of $283 to the Internal Revenue Service. Taking into account the husband's personal needs and his net weekly income, we believe that a wage deduction of $25 weekly to be applied to the liquidation of the $837 arrears would be appropriate. While this modification is prompted, in part, by the husband's current financial problems we find, as already noted in the case of the wife, the amounts awarded for support and maintenance to be warranted. Concur — Sandler, J. P., Sullivan, Ross, Carro and Fein, JJ.

■ N & T PASTRY SHOP, INC., et al., Appellants, v TRIBOROUGH BRIDGE & TUNNEL AUTHORITY et al., Respondents, et al., Defendant. — Judgment, Supreme Court, New York County, entered on June 16, 1980, unanimously affirmed, without costs and without disbursements. Appeal from order of said court entered on May 12, 1980, dismissed as subsumed in the judgment, without costs and without disbursements. No opinion. Concur — Birns, J. P., Sandler, Silverman and Fein, JJ.